UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JORENY HIGGINS,

          **Plaintiff,**

v.                                        Case No: 6:23-cv-138-RBD-DCI

UNITED STATES OF AMERICA,

          **Defendant.**

___

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Amended Unopposed Motion to Approve the Settlement of Minor, TTP (Doc. 26)** |
| **FILED:** | **May 16, 2024** |

**THEREON** it is **Recommended** that the motion be **GRANTED.**

**I.    Background**

On January 26, 2023, Plaintiff Joreny Higgins, as parent and legal guardian of TTP, a minor, filed this Federal Tort Claims Act (FTCA) action against the United States for an incident involving a collision with a United States Postal Service (USPS) vehicle. Doc. 1. On March 5, 2024, Plaintiff filed a Notice of Settlement. Doc. 22. On April 11, 2024, Plaintiff filed a Motion to Approve the Settlement of Minor, TTP (Doc. 24), and that motion was denied without prejudice for failure to attach the relevant settlement agreement to the motion. Doc. 25. Thereafter, Plaintiff filed the instant Amended Unopposed Motion to Approve the Settlement of Minor, TTP. Doc. 26

(the Motion). Plaintiff attached a copy of the settlement agreement to the Motion. Doc. 26-1. Plaintiff contends the Motion is unopposed and Defendant has not filed a response in opposition to the Motion.

## II. Legal Standard

As an initial matter, Plaintiff contends that the Court should apply Florida law to review the settlement and the undersigned agrees.[1] Federal law does not speak to the standard the Court should employ in determining whether to approve a settlement agreement involving a minor. *See Meyers v. U.S.*, 2014 WL 5038585 (M.D. Fla. Sept. 29, 2014). However, lawsuits against the United States, "although governed by federal law, do not inevitably require resort to uniform federal rules." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 727-28 (1979) (citing *Clearfield Trust Co. v. United States*, 318 U.S. 363, 367 (1943)). "If federal law already provides the applicable rule, resort to state law is not necessary." *St. Fort. v. United States*, 2022 WL 3136805, at *1 (M.D. Fla. June 8, 2022) (citing *Myers*, 2014 WL 5038585, at *3). It has been deemed "useful and appropriate to follow state law when asked to approve a minor's settlement given that state law on the relevant issues 'is well developed, while federal law on the issues is limited.'" *P.W. v. Duval Cnty. Sch. Bd.*, 2022 WL 16725119, at *2 n.1 (M.D. Fla. Oct. 25, 2022) (quoting *Meyers*, 2014 WL 5038585, at *4); *Casey v. Gartland*, 2020 WL 4470444, at *1 (M.D. Fla. Aug. 4, 2020). As such, Florida Statutes section 744.387 would govern this case because the settlement was reached after the start of litigation and was executed on behalf of a minor child, requiring the approval of the court "having jurisdiction of the action." Fla. Stat. § 744.387(3)(a); *Mitchell v. City of S. Daytona*, 2022 U.S. Dist. LEXIS 157394, at *4 (M.D. Fla. Aug. 15, 2022), *report and*

---

[1] In the operative pleading, Plaintiff alleges a negligence claim under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680. Doc. 6.

*recommendation adopted by* 2022 U.S. Dist. LEXIS 157396 (M.D. Fla. Aug. 31, 2022) ("Courts in this district have elected to apply Fla. Stat. § 744.387(3)(a) when addressing settlement agreements involving a minor within claims arising under federal law.").

In Florida, court approval of any settlement on behalf of a minor is required after an action is commenced. Fla. Stat. § 744.387(3)(a). A court only considers the best interest of the child in determining whether to approve the settlement. Fla. Stat. § 744.387(1); *see also Meyers*, 2014 WL 5038585, at *2 (citing *Bullard v. Sharp*, 407 So. 2d 1023, 1024 (Fla. 4th DCA 1981)). "'In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties.'" *Id*. at *4 (quoting *In re Smith*, 926 F.2d 1027, 1028–1029 (11th Cir. 1991)). The purpose of court approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013) (citing Fla. Stat. § 744.387). When the settlement involves a contract for legal services on behalf of a minor, the trial court must consider: 1) whether it was reasonably necessary to employ an attorney on behalf of the minor; 2) whether the contract was fair and reasonable at the time it was entered into; and 3) whether the contract was fair in relation to the amount of legal services performed. *See Nixon v. Bryson*, 488 So.2d 607, 609 (Fla. 3d DCA 1986); *see also Wilson v. Griffiths*, 811 So.2d 709, 713 (Fla. 5th DCA 2002).

Additionally, the Eleventh Circuit has held that it is well-established that the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001). However, Rule 17(c) does

not require that a district court appoint a guardian ad litem in all cases. *See Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958).[2]

### III. Discussion

As an initial matter, the minor is represented by their parent who brought this action on their behalf. Thus, Rule 17(c) does not require the Court to appoint a guardian ad litem. *See Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980) (holding that failure to appoint guardian ad litem did not constitute error where minor was represented by mother bringing action on his behalf). Unless a conflict of interest exists between the representative and the minor, the Court need not consider the question of whether a guardian ad litem should be appointed. *Burke*, 252 F.3d at 1264. "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child, there is no inherent conflict of interest." *St. Fort*, 2022 WL 3136805, at *2 (citing *Burke*, 252 F.3d at 1264). In this case, TTP's parent is a party to the lawsuit and has the same interests as their child for the resolution of this case and no facts have been presented that would lead the Court to believe a conflict exists. Accordingly, the undersigned finds no need to appoint a guardian ad litem at this time. *See St. Fort,* 2022 WL 3136085, at *2.

Turning to whether the settlement is in the best interests of TTP, the parties have settled the matter for $20,000.00 (reduced by $4,000.00 for the contractual attorney fees with the $16,000.00 remainder made payable to 'Morgan & Morgan, P.A. Trust Account f/b/o Joreny Higgins.'). Doc. 26-1. Plaintiff contends that $9,200.00 will be used to cover TTP's medical bills, $916.23 will be used to cover litigation costs, $750.00 will be held in trust for a potential health insurance lien, and $300.00 will be put towards a delayed cost deposit. Doc. 26 at 3. The

---

[2] Fifth Circuit decisions issued prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

remaining $4,833.77 in settlement proceeds will be held in a trust account. *Id.* The undersigned is satisfied that Plaintiff's use of that amount appears permissible pursuant to Florida Statute section 744.301(2)(b).[3]

Accordingly, the undersigned finds no issue with the settlement. Specifically, the undersigned finds no evidence of collusion as an attorney shared TTP and Plaintiff's interests in maximizing the settlement amount during mediation. Regarding the attorney fee allotment, the undersigned finds that employing an attorney on behalf of TTP was reasonably necessary in this case. As to the amount and work performed, Plaintiff has submitted the Closing Statement which reflects the amount of the fee and costs (fee at 20% = $4,000.00 and $916.23 in costs).[4] The undersigned finds that amount to be reasonable and appears fair in relation to the amount of legal services performed (e.g., drafting dispositive motions and mediation resulting in settlement). Overall, the undersigned finds that no provision under the circumstances of this case renders the settlement fundamentally unfair, unreasonable, or otherwise contrary to TTP's best interests.

### IV.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1. **GRANT** Plaintiff's Motion (Doc. 26) and approve the settlement; and
2. **DISMISS** the case.

---

[3] Section 744.301(2)(b) provides that a guardian, without appointment, authority, or bond, may collect, receive, manage, and dispose of the proceeds of any settlement if the amounts received in the aggregate do not exceed $15,000.

[4] Pursuant to 28 U.S.C. § 2678, Plaintiff's counsel's attorney fees cannot exceed 25%. However, in the instant case Plaintiff's counsel has voluntarily reduced their legal fees to 20%. The undersigned finds this reasonable.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on May 21, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy